## NEW YORK COMMON PLEAS.

ANDREW J. GARVEY, appellant agt. ALBERT DUNG, respondent.

A master painter is not liable for injuries caused by his workmen *willfully* bespattering the walls of the room. The remedy for willful injuries would be against the workmen.

*General Term, February,* 1866.
*Before* DALY, BRADY *and* CARDOZO, *Judges.*
APPEAL from judgment at special term.

AUBREY C. WILSON, *for appellant.*
WILLIAM H. DUSENBURY, *for respondent.*

By the court, CARDOZO, J. The plaintiff agreed to calcimine four ceilings for the defendant for the price of $30, and fix some ornaments for $12.50, making in all $42.50. As to the ornaments, the defendant conceded there was no objection, but although the proof is that the plaintiff had done two-thirds of the work which he contracted to do when he was discharged by the defendant, he has not only not been paid anything, but the justice has given judgment for $80 in favor of the defendant, on account of damages alleged to have been done by the plaintiff's workmen to the side walls of the rooms they were calcimining.

The testimony was conflicting as to whether the plaintiff was by the terms of the agreement to protect the walls while doing the work, and the proof is that when such is

not the agreement, extra charge is made for covering, and thus protecting the walls. The proof was in other respects quite conflicting, and perhaps if there were nothing else in the case, although I am not satisfied that the findings of the justice are correct, it would not be proper for us to interfere. But it is sworn on the part of the plaintiff, and not denied by the defendant, that the ground which the defendant assumed, and the cause of his complaint was that the plaintiff's workmen "willfully spattered" the paper; he said, "the men spattered the wall willfully." It does not require authority to show that if this be true, the defendant's claim for redress is against the workmen who thus willfully injured him. The plaintiff would be liable for the negligent acts of the workmen he employed, but not for their willful ones, where there is no proof that he authorized the willful injuries. The plaintiff has done a large part of his work, some of which is not even objected to, and yet he is not only deprived of any compensation, but made liable for $80 damages for willful wrongs of his employees. This cannot be sustained.

The judgment should be reversed.